946 F.2d 885
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Edward A. ELLISON, Jr., Alice Ellison, Plaintiffs-Appellants,
v.
James E. BUCKLEY, James Rice, Steven Larm, Don Sabino, Peter
Sherman, William Docken, Defendants-Appellees.
 No. 91-2610.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 19, 1991.
Decided Oct. 3, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., District Judge. (CA-89-2181-B)
 Andrew J. Groszer, Jr., Cockeysville, Md., for appellants.
 Shirley D. Peterson, Assistant Attorney General, Baltimore, Md., Gary R. Allen, Johnathan S. Cohen, Murray S. Horwitz, United States Department of Justice, Washington, D.C., for appellees.
 D.Md
 AFFIRMED.
 Before DONALD RUSSELL, PHILLIPS and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Edward A. Ellison, Jr. and Alice Ellison appeal the district court's order awarding summary judgment to the six defendants named in their complaint in which they claim that a search of their home violated their rights under the first, fourth, and ninth amendments of the Constitution. We affirm.
 
 
 2
 Defendant James E. Buckley, an Inspector for the Internal Revenue Service (IRS), began an investigation in 1986 into the unlawful disclosure of an internal IRS publication (Document 7072). Document 7072, entitled "Illegal Tax Protester Information Book," was created "to alert IRS employees in the field to threats posed by potentially violent tax protest groups and individuals." As part of his investigation, Buckley attended a meeting of Concerned Citizens for Just Taxation in Homewood, Illinois in May 1986. Buckley observed appellant Edward A. Ellison, Jr. (Ellison) offering copies of Document 7072 for sale. Buckley also obtained a copy of the document from Ellison by mail. These facts are not disputed by Ellison.
 
 
 3
 Under 26 U.S.C. § 7213(a)(3), it is a felony for any person to whom a tax return or "return information" has been disclosed in an unauthorized manner "willfully to print or publish" that return or return information in any unauthorized manner. Believing that Document 7072 contained such "return information," and that Ellison had both received and was publishing that information in an unauthorized manner, Buckley applied for a warrant to search Buckley's residence.
 
 
 4
 In July 1986, Buckley and five other IRS agents searched the Ellison's home pursuant to a search warrant which authorized the seizure of:
 
 
 5
 document 7072 (1-86) entitled Illegal Tax Protester Information Book, copies of document 7072 and all records of transactions involving the obtaining of the document as well as its sale and distribution including but not limited to invoices, mailing lists of customers, telephone records and financial records.
 
 
 6
 The Ellisons instituted this suit against Buckley and the other agents who executed the search warrant, claiming that their actions violated plaintiffs' first, fourth, and ninth amendment rights. The district court found the defendants to be protected by qualified immunity and granted them summary judgment. The Ellisons appeal.
 
 
 7
 "[G]overnment officials performing discretionary functions, [sic] generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In the context of search warrants, a government official would lose the shield of qualified immunity "[o]nly where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable." Malley v. Briggs, 475 U.S. 335, 344-45 (1986). The court, in making this determination, must consider the "objective legal reasonableness" of the action in light of the clearly established law at the time the act was committed. Anderson v. Creighton, 483 U.S. 635, 639 (1987).
 
 
 8
 The affidavit submitted with Buckley's application for the search warrant states that:
 
 
 9
 Document 7072 ... was compiled by the Criminal Investigation Division of the Internal Revenue Service to promote an awareness of various organizations and individuals, who appear to be involved in militant tax protest activities. It is information received from investigations, publications and other law enforcement agencies. It is marked sensitive and for official use only. ... Its dissemination to anyone outside of the IRS including other U.S. Governmental agencies is prohibited by provisions of section 6103 of the Internal Revenue Service Code and its distribution has been limited to IRS employees.
 
 
 10
 The district court found that Buckley's belief that Document 7072 contained "return information" within the meaning of the statute (thus making its unauthorized disclosure unlawful) was reasonable given the broad definition provided in section 6103.* In addition, the court noted that Buckley first contacted Ruth Schweizer, the author of the document, who informed him that the IRS Office of Disclosure had told her that the document contained return information. Therefore, the district court concluded, "Buckley's belief that probable cause existed to search plaintiffs' home was reasonable." The court also found that "the other defendants' reliance upon Buckley's determination of probable cause as their leader in this investigation, was reasonable." The Ellisons argue on appeal that the district court erred in granting summary judgment before they had the opportunity to conduct discovery. However, the Supreme Court has specifically held that "a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).
 
 
 11
 The Ellisons' contention that defendants seized items beyond the scope of the search warrant is likewise without merit. The inventory indicates that defendants seized several copies of Document 7072, miscellaneous correspondence and documents, and various books containing telephone numbers and addresses. The district court correctly found that these items "fall within the parameters of the search warrant." The court also noted that the Ellisons "offered no alternative inventory, nor have they seriously contested the accuracy of that offered by the defendants."
 
 
 12
 Therefore, we agree with the district court that the defendants established their entitlement to qualified immunity and affirm its order granting them summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 13
 AFFIRMED.
 
 
 
 *
 "Return information" is defined as:
 (A) [A] taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense, and
 (B) any part of any written determination or any background file document relating to such written determination (as such terms are defined in section 6110(b)) which is not open to public inspection under section 6110....
 26 U.S.C. § 6103(b)(2).